UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT THOMAS | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-14-2323 |
| MICHAEL POTTEIGER, *et al.*, | : | (Judge Caldwell) |
| Respondents | : | |

*M E M O R A N D U M*

I. *Introduction*

On December 2, 2014, Vincent Thomas, an inmate at the state correctional institution in Dallas, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the continued refusal of the Pennsylvania Board of Probation and Parole to grant him parole, asserting he is being denied parole for "unconstitutional reasons" and that the Board has violated the doctrine of separation of powers. He seeks his immediate release, or in the alternative, a new parole hearing. (*Id.*, ECF p. 33).

We have jurisdiction under section 2254 to entertain constitutional challenges to parole decisions, *see* 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001), but for the reasons that follow, the Petition will be summarily denied.

II.  *Background*

Petitioner is currently serving a twelve- to forty-year sentence for unspecified sex offense(s).  (Doc. 1, ECF p. 5).  In December 1993, the Board denied Thomas parole on the bases that he is a "habitual offender," that the "instant offense" was assaultive," that he had a "very high assaultive behavior potential," the "victim injury" and Petitioner's "need for treatment."  (*Id.*, ECF p. 14).  His failure to participate in and benefit from sex offender treatment program and the unfavorable recommendation of the Department of Corrections (DOC) were also given as reasons to refuse parole.  (*Id.*)

In 1994, 1995 and twice in 1996 the Board considered Thomas for parole, but ultimately denied his release.  (*Id.*, ECF pp. 15-18).  In January 2001, the Board again reviewed Thomas for parole but did not grant him parole.  (*Id.*, ECF p. 19).  The Board set his rehearing date to take place after January 2003.  He was advised that at that time the Board would review his file and consider whether he had participated in and successfully completed a sex offender treatment program; maintained a favorable recommendation for parole from prison officials; his misconduct record; and whether he completed the DOC's prescriptive programs.  (*Id.*)  The Board also noted it would consider his "denial of essential elements of [his] sex offenses" and that "offender's written version of offenses [was] to be available at time of review."  (*Id.*)

In May 2002, the Board modified its 2001 decision setting his next review date for after January 2005.  (*Id.*, p. 20).  At this next review, the Board stated it would review his file and determine whether he successfully completed a sex offender treatment program, maintained the DOC's favorable recommendation for parole, and whether he

-2-

maintained a clear misconduct record and completed the DOC's prescriptive program(s). (*Id.*)  In August 2002, the Board modified its May 2002 decision to reflect the following:

> FOLLOWING AN INTERVIEW WITH YOU AND REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT OF 1941, AS AMENDED, 61 P.S. § 331.1 ET SEQ., THE BOARD IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED THAT YOUR RELEASE ON PAROLE WOULD CONSTITUTE AN UNREASONABLE RISK TO THE SAFETY OF THE PUBLIC AND AN INJURY TO THE INTERESTS OF THE COMMONWEALTH.  THEREFORE, YOU ARE REFUSED PAROLE AT THIS TIME.  THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> THE NATURE AND CIRCUMSTANCES OF THE OFFENSE COMMITTED, AND YOUR MINIMIZATION OF THEIR SERIOUSNESS; YOUR PRIOR CRIMINAL HISTORY.
>
> * * *
>
> AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER: WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR: SEX OFFENDERS. WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.  WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

(*Id.*, ECF p. 21).  In October 2002, the Board modified its August 2002 decision but ultimately decided not to grant Thomas parole.  (*Id.*, ECF pp. 22-23).  In 2005, Thomas was again reviewed for, but denied, parole.  (*Id.*, ECF pp. 24-25).  In 2007, 2010 and 2011, Thomas was again denied parole.  (*Id.*, ECF pp. 26-29).

In October 2014, the Board again considered Thomas for parole.  The Board cited the following reasons in support of its decision to deny Thomas parole:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.  REPORTS,

> EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY. YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED. YOUR LACK OF REMORSE FOR THE OFFENSES COMMITTED.
>
> YOU ARE TO BE REVIEWED IN OR AFTER SEPTEMBER, 2017.
>
> AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER: WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD. WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD.
>
> YOU MAY FILE AN APPLICATION FOR PAROLE/REPAROLE NO SOONER THAN 1 YEAR AFTER THE DATE THE LAST DECISION DENYING PAROLE/REPAROLE WAS RECORDED.

(*Id.*, ECF p. 31).

III.  *Discussion*

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Pursuant to Rule 4 preliminary review, a petition may be dismissed without requiring an answer "'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.'" *Gorko v. Holt*, No. 4-CV-5956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

Rule 4, accordingly, requires the court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254; Rule 4.

The granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally protected liberty interest that is inherent in the Due Process Clause. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Newman v. Beard*, 617 F.3d 775 (3d Cir. 2010).  Likewise, Pennsylvania state law does not create a liberty interest for state inmates to be released prior to the expiration of a valid sentence.  *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996)(parole is not a constitutionally protected liberty interest under Pennsylvania law); *Rogers v. Pa. Bd. of Probation and Parole*, 555 Pa. 285, 292, 724 A.2d 319, 323 (Pa. 1999)("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence."); *see also Weaver v. Pa. Bd. of Probation and Parole*, 688 A.2d 766, 770 (Pa. Commw. 1997)(under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired.)  Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

The authority to grant parole under Pennsylvania law is vested solely in the Board.  *See* 61 Pa. Con. Stat. Ann. § 6132.  As such, the Board is required to consider the nature and character of the offense(s) committed, the general character and history of

the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and each warden or superintendent who has had control over the applicant.  *See* 61 Pa. Con. Stat. Ann. § 6135.

Although a parole-eligible Pennsylvania inmate has no protected liberty interest in parole that implicates procedural due process, the Third Circuit recognizes that parole cannot be denied on constitutionally impermissible grounds.  *See Burkett*, 89 F.3d at 139-40.  For instance, the Board may not arbitrarily deny parole on the basis of impermissible criteria such as race, religion, or the exercise of free speech rights, or on criteria with no rational relationship to the purpose of parole.  *Block v. Porter*, 631 F.2d 233, 236-37 (3d Cir. 1980).  "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion."  *Id.* at 637.  The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions of the Board is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, "action that shocks the conscience."  *Goodman v. McVey*, 428 F. App'x 125 (3d Cir. 2011)(nonprecedential)(citing *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006).  The "official conduct most likely to rise to the conscience-shocking level is the conduct intended to injure in some way unjustifiable by any government test."  *Chavez v. Martinez*, 538 U.S. 760, 775, 123 S.Ct. 1994, 2005, 155 L.Ed.2d 984 (2003).  Finally, the Third Circuit Court has stressed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for

-6-

the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *see also Newman*, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Here, Thomas argues he "has/had done everything the Parole Board recommended and the Prison Administration gave a favorable recommendation for parole," yet the Board's action of repeatedly denying him parole unconstitutionally converts his twelve- to forty-year sentence to a flat term of forty years.  (Doc. 1, ECF p. 5). In doing so, Thomas concludes that the Board has unconstitutionally denied him parole and impermissibly violated the doctrine of separation of powers by altering his judicially imposed sentence.  (*Id.*)

First, Thomas' separation-of-powers argument is meritless.  The Board has full authority to grant or deny him parole.  *See* 61 Pa. Con. Stat. Ann. § 6132.  The denial of parole does not usurp the authority of the judiciary simply because he has not been granted parole.  As Thomas concedes, he was sentenced to a term of imprisonment no less than twelve-years and not greater than forty-years imprisonment.  He does not contend he has served forty years or that he is being held past his maximum date.  As previously noted, parole prior to the expiration of his maximum term is not mandated by the Constitution or state law.  Simply put, Thomas has no liberty interest in being released prior to the service of his maximum sentence.

Second, Thomas' claim that the Board has unconstitutionally denied him parole is also meritless.[1]  While Thomas believes he was denied parole for

---

[1] It is noted that the court in addressing this claim only reviews Thomas' most recent parole decision because in the event the court found the Board violated Thomas' substantive due process
(continued...)

"unconstitutional" reasons, he does not allege any specific facts to support his theory. Thomas does not identify what arbitrary or constitutionally impermissible reasons he believes the Board considered in denying him parole. Instead, he argument is strictly based on his belief that he has satisfactorily fulfilled all of the Board's previously set forth prerequisites/demands for parole (i.e. obtaining the DOC's favorable recommendation for parole, maintained a clear conduct record, and participated in a sex offender treatment program), and yet continues to be denied parole. The fact that Thomas argues that he personally believes he has/had fulfilled the Board's requirements for parole does not make the Board's denial of parole improper. Moreover, it cannot be disputed that there was "some basis" for the decision to refuse him parole. The Notice of Board Decision (Doc. 1, ECF p. 31) lists the reasons, grounded in the Board's legitimate discretion, applying the legitimate factors established by the Pennsylvania Legislature, in denying him parole.

The Board's denial of parole appears to be based, at least in part, on Thomas' long standing minimization and lack of remorse for his particular sex related offense(s). Given the factors cited by the Board, as reflected in the October 2014 Notice of Board Decision, the Board's decision appears to represent a careful, informed balancing of the interests of both Thomas and society. Nothing in the Board's decision offends constitutional due-process considerations, nor does Thomas point to any factors considered by the Board that shock the conscience, or that the Board's decision was

---

[1](...continued)
rights, the appropriate remedy would be for the court to direct the Board to hold a new hearing. *See, e.g., Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003). Since Thomas has already received subsequent hearings for all but his October 2014 denial of parole, his challenge to all previous decisions are rendered moot.

motivated by arbitrary or constitutionally impermissible reasons.  Accordingly, the court will dismiss the petition.

IV.  *Conclusion*

We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Thomas is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 15, 2014